RODGERS, Presiding Justice:
The Southern Seed Company, Inc. entered into negotiations to purchase certain land from Mississippi Industrial Enterprises, Inc. in a written “Memorandum.” The memorandum contained a description of the land to be conveyed and, in addition thereto, the memorandum contained the following understanding:
“4. The Seller agrees to furnish the Buyer with a survey of the premises to be conveyed, and to convey said property by warranty deed with fee simple title to the Buyer with deed restrictions of record and with mineral rights reserved to the Seller. Further it is understood and agreed by and between the parties that *514 the Seller will furnish the Buyer, as a part of the consideration hereof, water, gas and electrical utilities to the property line of the premises to be conveyed, and with, railroad tracks to be furnished by the Seller to the property line of the premises to be conveyed. Further, as regard to the rail facilities, Seller reserves the right of ingress and egress upon and through the lands to be conveyed for the movement of railroad equipment and trains, and for the purposes of laying track as mutually agreed by and between the parties. It is further understood and agreed as a special consideration hereof, Seller agrees to construct and maintain until conveyed to Rankin County roads and/or streets upon all four sides of the property to be conveyed. Seller will provide Buyer with title which will be insurable.”
Thereafter, Mississippi Industrial Enterprises, Inc. executed and delivered a warranty deed of the property described in the written memorandum to Southern Seed Company, Inc., grantee, in which certain exceptions were mentioned. In addition thereto, the following agreement was included :
“Railroad facilities will be provided by Grantor to the boundary on the southeast corner of the described premises as one of the considerations of purchase herein, and Grantor reserves unto it the right to enter upon said premises for the construction of a single track railroad along the east side of said premises and parallel to the road easement heretofore reserved; and, also Grantor reserves right of ingress and egress of railroad cars and engines for the purposes of moving railroad traffic across said spur.”
The deed was executed on January 8, 1968, but the grantor failed to build the railroad facilities mentioned in the deed; and on April 2, 1973, the grantee in the deed filed suit in the Chancery Court of Rankin County, Mississippi, in which the complainant prayed for specific performance of the agreement.
The grantor in the deed filed an answer and a cross-bill in which it contended that the two instruments heretofore mentioned were ambiguous; that the understanding between the parties was that the railroad would be constructed when construction was done by the grantee or others who purchased from grantee; that the railroad would be ready when such construction was finished by persons owning the lots; and that the railroad would be constructed only when the grantee or others actually erected facilities on the purchased premises.
Specifically, it contended that the real contract rested in a verbal understanding to the effect that the building of the railroad and other facilities would be accomplished as the construction progressed on the land so as to have the facilities ready for use as the building progressed.
The cross-complainant, Mississippi Industrial Enterprises, Inc., prayed for a cancellation of the deed and tendered into court the purchase money together with interest, cost, etc.
The chancery court, after having heard evidence and argument of attorneys, entered a decree requiring specific performance of the contract and directed the defendant grantor to immediately construct the railroad spur agreed upon in the deed. The court determined that oral testimony was not admissible to contradict the terms set out in the deed.
On appeal to this Court, Mississippi Industrial Enterprises, Inc. contends that the chancellor was in error to hold that oral testimony was inadmissible because, it is said, oral testimony is admissible to show the intention of the parties on an ambiguous contract. It cited several authorities, including 32A C.J.S. Evidence § 987, at 494-95 (1964).
We think, however, that the chancellor was correct in holding that the terms of *515 the deed were not ambiguous and that pa-rol testimony was inadmissible to vary the written agreement. For that reason, the decree of the chancery court should be affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON,' INZER, ROBERTSON, WALKER and BROOM, JJ., concur.